UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael A. Singleton, #63483,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Henry McMaster, Attorney General of the State of South Carolina;<br>Al Cannon, Charleston County Detention Ctr. Sheriff;<br>South Carolina Probation Dpt.;<br>PTS Prisoner Transport Agency;<br>Kelly Kassis Solar, Assistant P.D.,<br><br>　　　　　　　　　　Defendants. | C/A No. 8:10-2323-TLW-BHH<br><br><br><br><br><br><br><br><br>Report and Recommendation |

The Plaintiff, Michael A. Singleton (Plaintiff), proceeding *pro se*, brings this action seeking monetary damages for alleged violations of his constitutional rights.[1] Plaintiff is a detainee at the Charleston County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names state agencies, a Sheriff, and an attorney with the Public Defender's Office as Defendants. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

Background

Plaintiff's initial pleading, naming the State of South Carolina, the Charleston County Detention Ctr., the South Carolina Probation Dpt., and PTS Prisoner Transport Agency, was docketed on September 8, 2010. (Docket Entry No. 1). This document alleged claims of cruel and unusual punishment, deliberate indifference to medical needs, and constitutional violations associated with a prior conviction. The pleading, which sought

both monetary damages and release from confinement[2], was construed as a civil rights action filed pursuant to 42 U.S.C. § 1983.[3] As Plaintiff failed to submit service documents, a filing fee, or an application to proceed *in forma pauperis*, an Order directing Plaintiff to bring this case into proper form was issued on September 16, 2010. (Docket Entry No. 6).

In response to the Court's Order, Plaintiff filed service documents and an additional pleading, which more fully develops Plaintiff's claims.[4] (Docket Entry No.'s 8, 10). Plaintiff's attachment seeks only monetary compensation for the Defendants' actions. The initial pleading and additional attachment have been read together as Plaintiff's complaint.

Discussion

Plaintiff alleges that Defendant Henry McMaster, Attorney General for the State of South Carolina, is "in charge of a system that has alienated me from the Bill of Rights." *See* Docket Entry No. 10, page 1. The complaint claims that Plaintiff was "denied [his] fundamental right to due process of law involving [his] 2001-2003 imprisonment." *Id.* at page 2. Plaintiff claims that improper arrest procedures, denial of a speedy trial, and denial of effective assistance of counsel resulted in Plaintiff being unlawfully convicted in 2003. *Id.* at 2-3. *See also* Docket Entry No. 1, pages 3-5.

---

[2] State prisoners challenging their confinement ordinarily proceed under 28 U.S.C. §§ 2241 or 2254. To the extent Plaintiff seeks release from custody, he must file a Petition for a Writ of Habeas Corpus. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973)(habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

[4] Plaintiff's service documents name the following Defendants: Henry McMaster, Attorney General of the State of South Carolina; Al Cannon, Charleston County Detention Ctr. Sheriff; Kelly Kassis, Assistant P.D.; and PTS Prisoner Transportation. Plaintiff did not provide service documents for Defendant South Carolina Probation Dept.

Plaintiff's claims against Al Cannon, Charleston County Detention Ctr. Sheriff, stem from various conditions at the Charleston County Detention Center (CCDC), which Plaintiff feels are unconstitutional. Namely, Plaintiff alleges denial of "timely medical attention" and "much needed physical therapy." *See* Docket Entry No. 1, page 7. Plaintiff also claims that: (1) his psychological disorders have not been addressed; (2) the CCDC meals lack necessary vitamins and nutrition; (3) CCDC inmates are underpaid for labor; (4) the CCDC does not have a law library; and (5) Plaintiff's mail is opened outside of his presence. *See* Docket Entry No. 10 page 5. Plaintiff states that the generally "inhumane" conditions at the CCDC constitute cruel and unusual punishment. *Id.*

Plaintiff's claims against the South Carolina Probation Department stem from this "agency's contracting of the PTS Prisoner Transport Agency." *Id.* at 3. The complaint states that the Prisoner Transport Agency took "6 days" to complete a "20 hour trip," "with 1 overnight stay to address personal hygene [sic] issues." *See* Docket Entry No. 1, page 7. *See also* Docket Entry No. 10, page 3. Lastly, Plaintiff alleges that Kelly Karris Solar, his appointed Public Defender, failed to provide effective assistance during Plaintiff's 2003 trial, and is currently acting in an ineffective manner in representing Plaintiff on a probation violation offense. *Id.* at page 6.

While Plaintiff alleges some claims which could be cognizable under § 1983[5], he fails to name Defendants who are amenable to suit under that Statute. First, to the extent

---

[5] A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff is attempting to name the Charleston County Detention Center as a Defendant, his claims against this entity must fail. It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). As the Charleston County Detention Center is a facility primarily used to house pretrial detainees, this entity is not a proper defendant in a § 1983 action.

Next, the State of South Carolina is protected from suit by the Eleventh Amendment, which forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). The Eleventh Amendment also bars this Court from granting injunctive relief against the state. *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("[T]he relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment."). State agencies and state instrumentalities, such as the Office of the South Carolina Attorney General, South Carolina Probation Department, and Prisoner Transport Agency, share this immunity when they are the alter egos of the state. As these three Defendants are protected by Eleventh

Amendment immunity from Plaintiff's claims under § 1983, they are entitled to summary dismissal from this action.[6]

Further, in South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county. *Carroll v. Greenville County Sheriff's Dep't,* 871 F. Supp. 844, 846 (D.S.C. 1994)(suit against the sheriff's office is suit against the state)*; Gulledge v. Smart*, 691 F. Supp. 947, 954-55 (D.S.C. 1988)(discussing sheriff as agent and alter ego of state ). *See also Dean v. Barber*, 951 F.2d 1210, 1215 n.4 (11th Cir. 1992); *Snead v. Alleghany Sheriff Dep't*, No. 09-198, 2009 WL 2003399 at *1 (W.D.Va. July 7, 2009). Thus, a suit against a Sheriff in federal court, in his official capacity, is barred by the Eleventh Amendment. *McConnell v. Adams*, 829 F.2d 1319, 1328-29 (4th Cir. 1987). *See also Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (finding sheriff to be immune because, in his official capacity, he is "an arm of the state"). Therefore, Defendant Al Cannon is not liable under § 1983 for any claims Plaintiff may be raising against this Defendant in his official capacity.[7]

---

[6] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court, *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984), however, the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e).

[7] It is noted that Plaintiff fails to demonstrate that Defendants Cannon or McMaster are personally responsible for any violation of Plaintiff's constitutional rights. The complaint's general claims, absent any personal allegations against Defendants Cannon and McMaster, are insufficient to state a claim under § 1983. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008).

Finally, Plaintiff names his appointed Public Defender, Kelly Kassis Solar, for her failure to properly represent Plaintiff both currently and during his 2003 criminal proceedings. However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). As Defendant Solar is not a "state actor" amenable to suit under § 1983, she should be summarily dismissed form this action.

<u>Recommendation</u>

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

            s/Bruce Howe Hendricks
            United States Magistrate Judge

October 20, 2010
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).