IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael A. Singleton, #63483, )<br>)<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>Alan Wilson, Attorney General )<br>of the State of South Carolina; Al )<br>Cannon, Charleston County Detention )<br>Ctr. Sheriff; South Carolina Probation )<br>Dpt.; PTS Prisoner Transport Agency; )<br>and Kelly Kassis Solar, Assistant P.D., )<br>)<br>   Defendants. )<br>_____) | Civil Action No.: 8:10-cv-2323-TLW-BHH |

# ORDER

  The plaintiff, Michael A. Singleton ("plaintiff"), brought this civil action, pro se, pursuant to 42 U.S.C. § 1983 on September 8, 2010. (Doc. #1). The plaintiff filed an additional pleading on October 13, 2010, which more fully develops his claims. (Doc. # 10).

  This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce Howe Hendricks to whom this case had previously been assigned. (Doc. # 16). In the Report, the Magistrate Judge recommends that the District Court dismiss the complaint in this case without prejudice and without issuance of service of process. (Doc. # 16). The plaintiff filed objections to the Report. (Doc. # 18). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party
> may file written objections . . . . The Court is not bound by the recommendation of
> the magistrate judge but, instead, retains responsibility for the final determination.

1

The Court is required to make a <u>de novo</u> determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed, <u>de novo</u>, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 16). Therefore, for the reasons articulated by the Magistrate Judge, the complaint in this case is **DISMISSED** <u>without</u> prejudice and without issuance of service of process.[1]

---

[1] In his objections to the Report (Doc. # 18), the plaintiff requests that counsel be appointed to represent him in this matter. A court has discretion under 28 U.S.C. § 1915(e)(1) to request an attorney to represent a civil litigant who has been granted <u>in forma pauperis</u> status. No statute authorizes payment of an attorney under such circumstances, and the Court cannot require an unwilling attorney to represent a civil litigant claiming <u>in forma pauperis</u> status. <u>Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa</u>, 490 U.S. 296, 310 (1989). Therefore, a court should exercise its discretion and secure counsel only under "exceptional circumstances." <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987). "Exceptional circumstances exist where 'a pro se litigant has a colorable claim but lacks the capacity to present it.'" <u>Hall v. Holsmith</u>, 340 Fed. Appx. 944, 946 (4th Cir. 2009) (quoting <u>Whisenant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984), <u>abrogated on other grounds by Mallard</u>, 490 U.S. at 298). After careful consideration, the Court finds that the plaintiff has not shown he is incapable of representing himself or that the complexity of the issues being litigated requires the appointment of counsel. Therefore, the plaintiff's request that counsel be appointed (Doc. # 18) is **DENIED**.

In his objections to the Report (Doc. # 18), the plaintiff also seeks leave to amend the complaint. The Court has reviewed the amended allegations submitted by the plaintiff in his objections (Doc. # 18) and finds it would be futile to grant leave to amend. <u>See</u> <u>Simmons v. United Mortg. & Loan Inv., LLC</u>, 634 F.3d 754, 769 (4th Cir. 2011) (discussing the standard for denying leave to amend a pleading). Therefore, the plaintiff's request for leave to amend the complaint (Doc. # 18) is **DENIED**.

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>United States District Judge

October 13, 2011
Florence, South Carolina